NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMOS JACKSON, | No. 21-55849 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-00325-GW-DFM Central District of California, Los Angeles |
| v. | |
| PAT HORN, | |
| Respondent-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted December 5, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Petitioner-appellant, Amos Jackson, appeals the district court's denial of his

habeas petition challenging his state court conviction. Jackson asserts that his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional rights were violated when the trial court denied his *Batson*[1] challenge to the prosecution's peremptory strike of the only African-American juror on the venire. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We presume the parties' familiarity with the facts of the case and do not discuss them in detail here.

"Purposeful racial discrimination in selection of the venire violates a defendant's right to equal protection because it denies him the protection that a trial by jury is intended to secure." *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). Ruling on a *Batson* challenge invokes a three-step process: (1) a defendant must make a prima facie showing that the peremptory challenge was exercised on the basis of race; (2) if such a showing is made, the prosecution must offer a race-neutral reason for the strike; and (3) in light of the response, the trial court must determine whether the defendant has shown that the prosecution's race-neutral reasons masked purposeful discrimination. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018) (citing *United States v. Alvarez-Ulloa*, 784 F.3d 558, 565 (9th Cir. 2015)).

We review a district court's ruling on a *Batson* challenge for clear error when, as here, the district court properly utilized the three-step process. *Id.* at 1028

---

[1]    "*Batson/Wheeler*" is a shorthand description of a claim that a juror was stricken for an improper racial reason. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *People v. Wheeler*, 538 P.2d 748 (Cal. 1978).

(citing *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008)). Because Jackson's federal habeas petition seeks review of a state court's denial of relief, we consider it pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Jackson must show either that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011) (quoting 28 U.S.C. § 2254(d)). As the California Supreme Court summarily denied review, the California Court of Appeal's decision is the "relevant state-court decision." *See Berghuis v. Thompkins*, 560 U.S. 370, 379–80 (2010).[2]

1.  Jackson argues that the California Court of Appeal erred by finding that the record does not support a prima facie *Batson* challenge because striking the only African-American juror on the venire, when Jackson and his codefendants are also African-American, is enough to establish discriminatory intent. *See People v. Crittenden*, 885 P.2d 887, 905 (Cal. 1994), *as modified on denial of reh'g* (Feb. 16,

---

[2]  "Under AEDPA, we review the last reasoned state-court decision. When a state court does not explain the reason for its decision, we 'look through' to the last state-court decision that provides a reasoned explanation capable of review." *Murray v. Schriro*, 745 F.3d 984, 996 (9th Cir. 2014) (internal citations omitted).

1995) (holding that a party's use of peremptory challenges to excuse all members of a group supports an inference of discriminatory intent, especially when the defendant is a member of the same group).

Jackson conflates excusing all the members of a racial group on a venire with excusing a single juror who is the sole member of a racial group on a 69-person venire. *See United States v. Collins*, 551 F.3d 914, 921 (9th Cir. 2009); *Crittenden*, 885 P.2d at 905. We have held that striking the only African-American juror in the jury pool "renders mathematical trends and patterns meaningless." *Collins*, 551 F.3d at 921. Thus, in this case, striking the only African-American juror on the 69-person venire does not, in itself, constitute a prima facie showing of discriminatory purpose.

2.     Jackson also argues that the prosecutor's race-neutral reasons were not sufficient to defeat his *Batson* challenge. However, the trial court only ruled that there was no prima facie showing of discriminatory purpose and did not rule on the reasons the prosecutor voluntarily offered for the challenge. As Jackson failed to make a prima facie showing of discriminatory intent, we need not reach the second or third prongs of the *Batson* process. *See United States v. Guerrero*, 595 F.3d 1059, 1062 (9th Cir. 2010) (citing *Green v. LaMarque*, 532 F.3d 1028, 1030 (9th Cir. 2008)).

**3.** Even if we were to consider the prosecutor's proffered reasons for the challenge—that Juror 42 would not make eye contact with the prosecutor during voir dire and stared at the defendants—Jackson has not shown that those race-neutral reasons masked purposeful discrimination, thus failing to show they are contrary to clearly established Federal law or are unreasonable determinations of fact.

The district court's denial of Jackson's habeas petition is **AFFIRMED**.